**No. 63862.**—Illfelder Importing Co., Inc. *v.* United States, protest 59/18779 (New York).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

BEFORE THE FIRST DIVISION, FEBRUARY 25, 1960

BEFORE THE FIRST DIVISION, FEBRUARY 26, 1960

**No. 63864.**—U.S.D. Importing Co. et al. *v.* United States, protests 322576–K, etc. (Los Angeles).

OLIVER, Chief Judge: These three protests have been limited to the merchandise represented by the invoice items enumerated in schedule "A," hereto attached and made a part hereof. The articles were classified under the *eo nomine* provision for goggles in paragraph 225 of the Tariff Act of 1930, as modified by T.D. 54108 or T.D. 51802, and assessed with duty either at the rate of 19 per centum ad valorem, or 20 per centum ad valorem, depending on the date of entry of the merchandise. Plaintiffs claim that the items in question are not goggles, but that they are properly classifiable as manufactures in chief value of india rubber, not specially provided for, under paragraph 1537(b) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, carrying a dutiable rate of 12½ per centum ad valorem.

The articles in question are concededly pieces of equipment used in the sport of skin diving. Samples are in evidence (plaintiff's exhibits 1 to 6, inclusive). While each of the items varies in minor details of construction, all of them conform to the following general description. They consist of a transparent oval plate, approximately 4 inches by 5 inches, to which is attached a molded rubber skirt, contoured to fit over the face of the diver from the upper lip to the forehead and from cheek bone to cheek bone. An adjustable head strap serves to hold the article securely in place. One of the items (plaintiffs' exhibit 6) is larger than the others and of more substantial construction. Its outstanding distinguishing feature is a short, curved, air tube, which protrudes from an opening at the inside top of the article. The tubular

outlet is designed to fit a snorkel tube (plaintiffs' illustrative exhibit 9) that is of domestic manufacture. The use of the snorkel tube gives to the diver an outside supply of air when the tip of the snorkel extends beyond the surface of the water.

In addition to the samples of the present merchandise, hereinabove described, there was also received in evidence a pair of goggles (plaintiff's exhibit 7). These goggles consist of a pair of round glass eyepieces in a heavy metal frame with a rubber head strap and rubber skirts flared at the outside around each eyepiece. In design and construction, the goggles offer protection for the eyes only, and, unlike the imported articles, do not extend either below to cover the nose, or above to cover the forehead.

Four well-qualified witnesses appeared on behalf of plaintiffs. All of them referred to the merchandise in question as masks. Their testimony is directed toward showing the distinction between goggles and masks. In this connection, their combined testimony establishes that goggles were originally used in the early development of skin diving and that they were found to be inadequate protection for the diver. The use of goggles prevents irritation from salt water and polluted water to the eyes only. Consequently, masks, such as the articles involved herein, were developed. These masks not only give the diver un-distorted vision, but also protect the sinuses, and, at the same time, cover the nose, enabling the diver to equalize or offset water pressure by blowing into the mask through the nose while underwater.

Plaintiffs' oral testimony, characterizing the articles in question (exhibits 1 to 6, *supra*) as masks, and distinguishing them from goggles (plaintiffs' exhibit 7), finds support in trade catalogs (plaintiffs' exhibits 8, 13, and 14) and certain advertising material (plaintiffs' collective exhibit 15), which show the two classes of merchandise, i.e., masks and goggles, as separate and distinct commodities in different categories.

One witness testified on behalf of defendant. He stated that he is the assistant manager in the athletic department of Abercrombie & Fitch Co., dealer in sporting goods. His testimony presents no contradiction with that introduced by plaintiffs. On the contrary, his statements are corroborative of those made by plaintiffs' witnesses, particularly in identifying the articles in question as masks and distinguishing them from goggles.

There is no contention along the line of commercial designation. Hence, the common meanings of the two terms in controversy control. Accordingly, we quote from lexicographic authorities.

In *Knight's American Mechanical Dictionary*, the word "goggles" is defined as " * * * Tubes or glazed cases in front of the eyes for protection from dust or intense light."

The *New English Dictionary (Oxford)* defines "goggle" as " * * * A kind of spectacles, having glasses (usually coloured) or fine wire-netting, fixed in short tubes, and worn to protect the eyes from dust, excess of light, etc.; formerly also so constructed as to correct squinting."

*Webster's New International Dictionary* states that goggles are " * * * A kind of spectacles with short, projecting eye tubes, in the front end of which are fixed plain glasses for protecting the eyes from cold, dust, etc."

*Funk & Wagnalls New Standard Dictionary* states that goggles are " * * * A peculiar kind of spectacles with projecting eye-tubes in which are plain glasses to protect against dust, etc., or colored ones to soften the light."

Viewing the foregoing definitions in the light of the present issue, it can be said that the essential element thereof is that goggles protect the eyes only. Such an interpretation was enunciated for the tariff term "goggles" in the early case of *Siegel-Cooper Company et al.* v. *United States*, 16 Treas. Dec. 276, T.D.

29327. In that case, the Board of General Appraisers (now the United States Customs Court) held certain goggles, designed for use by automobilists, to be classifiable under the eo nomine provision for "goggles" in paragraph 108 of the Tariff Act of 1897 and, in doing so, stated as follows:

> The prime use of the articles in dispute is to protect the eyes from injury by foreign substances and at the same time permitting practically unobstructed passage of light rays; and it seems to us that what are unquestionably goggles if worn by a pedestrian would not lose their identity as such and become something else if worn by an automobilist for like purposes.

The importance of the limited function of goggles is accentuated by dictionary definitions of the word "mask" which, in *Webster's New International Dictionary*, is stated to be "* * * A protective covering, esp. for the face; * * *," and, in *Funk & Wagnalls New Standard Dictionary*, is defined as "* * * A protection for the face; a face-guard: often made of stout wire; as, a fencing-*mask*; a grinders' *mask*. * * *." [Italics quoted.]

On the basis of the present record, as hereinabove outlined, and consistent with the cited authorities, the articles in question are masks and not goggles.

Counsel for defendant, seeking to support the collector's classification of the articles in question as goggles, urges application of the rule that "an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article," *Nootka Packing Company et al.* v. *United States*, 22 C.C.P.A. (Customs) 464, T.D. 47464. The principle cannot be applied herein. The contention appears to be based on an assumption that the items under consideration are goggles of an improved design over an early pattern such as is represented by the pair of goggles in evidence (exhibit 7, *supra*). The evidence adduced herein, in conjunction with the quoted dictionary definitions and cited judicial decision, will not support defendant's position.

The articles in question are masks. They are a separate and distinct class of merchandise, distinguishable from goggles not only in design and construction but also in serving a materially different purpose from that accomplished by goggles. The items under consideration are not classifiable as goggles, as assessed by the collector.

Counsel for both parties, in their respective briefs, refer to Summaries of Tariff Information as favorable to the claims alleged by each. Under the present issue, there is no reason to resort to such extrinsic aids. The statutory provisions involved in this controversy are free from ambiguity; hence, their judicial interpretation must come from the act itself. *Schwegmann Brothers et al.* v. *Calvert Distillers Corp.*, 341 U.S. 384; *United States* v. *Perry Ryer & Co.*, 41 C.C.P.A. (Customs) 18, C.A.D. 524.

Since it is conceded that the items in question are in chief value of india rubber, they are properly classifiable, on the basis of the present record and for all of the reasons stated herein, as manufactures in chief value of india rubber, not specially provided for, under paragraph 1537(b), as modified, *supra*, and dutiable thereunder at the rate of 12½ per centum ad valorem, as claimed by plaintiffs.

To the extent indicated, the protests are sustained and judgment will be rendered accordingly.